IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SCWORX CORP. DERIVATIVE LITIGATION | Lead Case No. 1:20-cv-04554-JGK |

[PROPOSED] PRELIMINARY APPROVAL ORDER

This matter came before the Court for a hearing on March 21, 2022. Federal Plaintiffs[1] have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of stockholder derivative claims brought on behalf of SCWorx Corp. ("SCWorx," or the "Company") in accordance with the Stipulation of Settlement dated February 15, 2022 (the "Stipulation"); (ii) approving the form and manner of the notice of the Settlement; and (iii) setting a date for the Settlement Hearing.[2]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal with prejudice of the above-captioned consolidated stockholder derivative action brought on behalf of SCWorx (the "Consolidated Action"), as well as resolution of plaintiff Hemrita Zarin's claims in the Delaware Action.

---

[1] "Federal Plaintiffs" refers to plaintiffs Javier Lozano and Josstyn Richter in the above-captioned consolidated stockholder derivative action. Federal Plaintiffs, together with Hemrita Zarins (who is plaintiff to a related shareholder derivative action pending in the State of Delaware Court of Chancery titled, *Zarins, et al. v. Schessel, et al.*, Case No. 2020-0924-MTZ (the "Delaware Action") are collectively referred to as "Plaintiffs."

[2] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative Settlement together with the accompanying Memorandum of Law in Support; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for SCWorx and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that SCWorx shareholders should be apprised of the Settlement through the Parties' proposed form and means of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

2. A hearing shall be held on June 29, 2022 at 2:30 p.m., before the Honorable John G. Koeltl, at the U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether all Released Claims against the Released Persons should be fully and finally released;

(iii) whether the agreed-to Fee and Expense Amount as well as the Service Awards should be approved; and (iv) such other matters as the Court may deem appropriate.

3. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this order ("Preliminary Approval Order") constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

4. Within ten (10) business days after the entry of this Order, SCWorx shall: (1) post a copy of the Notice and the Stipulation, with its exhibits, on the Investor Relations page of the Company's website; (2) file the Notice and the Stipulation, with its exhibits, with the U.S. Securities and Exchange Commission as exhibits to a Form 8-K; and (3) issue the Notice in a press release. The Notice shall provide a link to the Investor Relations page of SCWorx's website where the Notice and Stipulation with its exhibits, may be viewed, which link shall be maintained through the date of the Settlement Hearing.

5. All costs incurred in the posting, filing, and issuing of the notice of the Settlement shall be paid by SCWorx, and SCWorx shall undertake all administrative responsibility for the filing, issuing, and posting of the notice of the Settlement.

6. No later than (20) calendar days following entry of this Order, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, issuing, and posting the notice of the Settlement as provided for in paragraph 4 of this Preliminary Approval Order.

7. All Current SCWorx Shareholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and

judgments in the Consolidated Action concerning the Settlement, whether favorable or unfavorable to Current SCWorx Shareholders.

8. Pending the Effective Date or the termination of the Stipulation according to its terms, Plaintiffs and SCWorx shareholders, and anyone who acts or purports to act on their behalf, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims derivatively against any of the Released Persons in any court or tribunal.

9. Any shareholder of SCWorx common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Awards should not be awarded. However, no SCWorx shareholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that SCWorx shareholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, and setting forth proof, including documentary evidence, of current ownership of SCWorx stock and ownership of SCWorx stock as of the date of the Stipulation.

10. At least twenty-one (21) days prior to the Settlement Hearing, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007 and serve such materials by that date, to each of the following Parties' counsel:

*Counsel for Plaintiffs:*

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016

*Counsel for Defendants:*

KING & SPALDING LLP
Paul R. Bessette
1185 Avenue of the Americas
New York, NY 10036

Telephone: (212) 686-1060
E-mail: pkim@rosenlegal.com

THE BROWN LAW FIRM, P.C.
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
E-mail: tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Federal Plaintiffs*

GAINEY McKENNA & EGLESTON
Thomas J. McKenna
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Email: tjmckenna@gme-law.com

*Counsel for Plaintiff Hemrita Zarins*

Telephone: (212) 556-2100
Email: pbessette@kslaw.com

*Counsel for Defendant Marc S. Schessel*

LAW OFFICES OF CAROLE R. BERNSTEIN
Carole R. Bernstein
41 Maple Avenue North
Westport, CT 06880
Telephone: (203) 255-8698
Email: cbernsteinesq@gmail.com

*Counsel for nominal Defendant SCWorx Corp.*

PASHMAN STEIN WALDER HAYDEN, P.C.
Bruce S. Rosen
Bell Works
101 Crawfords Corner Road, Suite 4202
Holmdel, NJ 07733
Telephone: (732) 852-2481
Telephone: (973) 457-0123
Email: brosen@pashmanstein.com

*Counsel for Defendants Charles K. Miller, Robert Christie, and Steven Wallitt*

11. Only shareholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

12. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards, unless otherwise ordered by the Court, but shall be

forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

13. Federal Plaintiffs shall file their motion for final approval of the Settlement at least twenty-eight (28) days prior to the Settlement Hearing. If there is any objection to the Settlement, any response to the objection(s) must be filed at least seven (7) days prior to the Settlement Hearing.

14. All proceedings in this Consolidated Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

15. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to shareholders.

16. The provisions contained in the Stipulation (including the exhibits annexed thereto) shall not be deemed a presumption, concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Parties or Released Persons, or of the validity or infirmity of any Released Claims and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Derivative Actions or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

17. In the event that the Stipulation or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions in the Derivative Actions as of the date of the Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any Party of any act, matter

or proposition and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation (other than those set forth in Section IV, Paragraphs 1.1-1.31, 4.3-4.5, 6.2-.6.3, 7.3, 7.6-7.16, 7.20) shall have no further force and effect with respect to the Parties and shall not be used in the Derivative Actions or in any other proceeding for any purpose and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc.*

18. In the event that the Stipulation or Settlement is not approved by the Court, the Judgment does not become Final, or the Settlement is terminated for any other reason,, the Fee and Expense Amount paid to Plaintiffs' Counsel shall be refunded and returned to the Defendants' D&O insurers within thirty (30) days of receiving notice from Defendants or from a court of appropriate jurisdiction.

17. The Court reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to SCWorx shareholders. Any SCWorx shareholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Investors Relations page of SCWorx's website for any change in date, time or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current SCWorx Shareholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: 3/25/22

HONORABLE JOHN G. KOELTL
U.S. DISTRICT JUDGE