**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SCWORX CORP. DERIVATIVE LITIGATION | Lead Case No. 1:20-cv-04554-JGK |

### [~~PROPOSED~~] FINAL JUDGMENT

This matter came before the Court for hearing on June 29, 2022, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated February 15, 2022 (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Final Judgment (the "Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Consolidated Derivative Action, including all matters necessary to effectuate the Settlement, and over the Parties.

3.      The Court finds that the form of the notice of the Settlement and the means of dissemination of the notice of the Settlement provided to Current SCWorx Shareholders constituted the best notice practicable under the circumstances and fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4.      The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and further finds that the Settlement is in the best interests of SCWorx and its shareholders.

5.     The Consolidated Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided below.

6.     Upon the Effective Date, to the extent that the Plaintiffs, Plaintiffs' Counsel, and each of SCWorx's shareholders possess any of the Released Claims derivatively, Plaintiffs, Plaintiffs' Counsel, and each of SCWorx's shareholders (solely in their capacity as SCWorx shareholders) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged and dismissed all Released Claims (including Unknown Claims) against the Released Persons, including any and all claims (including Unknown Claims) against the Released Persons arising out of, relating to, or in connection with the defense, Settlement, or resolution of the Derivative Actions.

7.     Upon the Effective Date, to the extent Plaintiffs, Plaintiffs' Counsel, and each of SCWorx's shareholders possess any of the Released Claims derivatively, Plaintiffs, Plaintiffs' Counsel, and each of SCWorx's stockholders (solely in their capacity as SCWorx shareholders) shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting any of the Released Claims (including Unknown Claims) or any action or other proceeding against any of the Released Persons based on the Released Claims, or any action or proceeding arising out of, relating to, or in connection with the Released Claims or the filing, prosecution, defense, settlement, or resolution of the Derivative Actions. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8.     Upon the Effective Date, SCWorx, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons.

9.      Upon the Effective Date, SCWorx shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting any of the Released Claims (including Unknown Claims) or any action or other proceeding against any of the Released Persons based on the Released Claims, or any action or proceeding arising out of, relating to, or in connection with the Released Claims or the filing, prosecution, defense, settlement, or resolution of the Derivative Actions. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

10.     Upon the Effective Date, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and their Related Persons, Plaintiffs' Counsel and their Related Persons, and SCWorx's shareholders (solely in their capacity as SCWorx shareholders) and their Related Persons from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

11.     During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

12.     The Court hereby approves the sum of $300,000 for the payment of Plaintiffs' Counsel's attorneys' fees and expenses ("Fee and Expense Amount") and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

13.     The Court hereby approves the Service Awards of $1,500 for each of the three

Plaintiffs to be paid from Plaintiffs' Counsel's Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Derivative Actions.

14.     Neither the Stipulation, including the annexed exhibits, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Parties or Released Persons, or of the validity or infirmity of any Released Claims; (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other Person as a presumption, a concession, an admission, or evidence of any fault, omission, wrongdoing or liability of any of the Parties in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

15.   The Released Parties and/or the Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     Without affecting the finality of this Judgment entered in accordance with the Stipulation, the Court shall retain jurisdiction to implement and enforce the terms of the Stipulation and this Judgment and to consider any matters or disputes arising out of or relating to the Settlement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and Judgment, and for matters or disputes arising out of or relating to the Settlement.

16.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

17.     This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering this Judgment in accordance with the Stipulation.  Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: 6/29/22

_____
HONORABLE JOHN G. KOELTL
U.S. DISTRICT JUDGE